UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RONALD LOYD WHITWORTH, JR.,**

    Plaintiff,

v.

**FEDERAL BUREAU OF PRISONS, et al.,**

    Defendants.

**Case No. 2:22-cv-1496-CLM-GMB**

## MEMORANDUM OPINION

Plaintiff Ronald Loyd Whitworth, Jr., a prisoner housed in Otisville Federal Correctional Institute in Otisville, New York, brings this case under 42 U.S.C. § 1983. (Doc. 1). In his complaint, Whitworth asserts that the defendants haven't provided him records related to his state-court criminal case in the Circuit Court of Shelby County, Alabama that he requested under the Freedom of Information Act ("FOIA"). (*Id.* at 5–6, 8–12). Whitworth asks the court to order the defendants to provide him with copies of the requested records and award him attorney's fees and costs. (*Id.* at 15).

When he originally filed his complaint, Whitworth did not file an application to proceed *in forma pauperis* or pay a filing fee. So the magistrate judge recommended the court dismiss this case without prejudice under 28 U.S.C. § 1915(g). (Doc. 2). In response, Whitworth paid a filing fee of $402 and then filed a "Motion to Reconsider and Amend Report and Recommendation or in the Alternative, Objection to District Judge." (Doc. 3). The court construes the motion as an objection to the report and recommendation.

As the magistrate judge noted, federal court records show that Whitworth has filed at least three cases or appeals that have been dismissed as meritless, including *Whitworth v. Story*, et al., 2:12-cv-243-IPJ-HGD (N.D. Ala. Jan. 23, 2012); *Whitworth v. Lowery*, et al., 2:12-cv-236-CLS-HGJ (N.D. Ala. Jan. 23, 2012); and *Whitworth v. Lowery*, et al., Docket No. 12-15074-C (11th Cir. Oct. 1, 2012). Under the Prison Litigation Reform Act and Eleventh

Circuit case law, a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee when he initiates the lawsuit. *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Though as the magistrate judge recognized, the three-strikes rule doesn't require prepayment of a filing fee if a prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The magistrate judge found that Whitworth had not alleged facts showing that he is imminent danger of serious physical injury, so he needed to pay the full filing fee when he filed his complaint.

The court has reviewed the complaint and Whitworth's objections and agrees with the magistrate judge that Whitworth has not alleged facts that suggest he is in imminent danger. Whitworth's allegations are about his inability to obtain records under FOIA. (Doc. 1 at 8–12). And his objections do not address the allegations in his complaint; instead, he states that "[d]ue to [his] incarceration, he cannot cause payment to be delivered at the exact time as the complaint is filed." (Doc. 3 at 1). But in *Dupree*, 284 F.3d at 1236, the Eleventh Circuit held that under the three strikes rule a "prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."

Applying *Dupree*, Whitworth cannot save his case from dismissal by simply paying the filing fee after the magistrate judge has recommended dismissal under the three strikes provision. *Accord Wright v. Polk Cnty*, 556 F. App'x 873, 874 (11th Cir. 2014) (holding that district court didn't err in dismissing complaint when plaintiff paid partial filing fee seven days after filing the complaint). Instead, if Whitworth would like to bring claims about his FOIA requests, he should initiate a new action and pay the filing fee at the same time he files the complaint.

Having reviewed de novo the materials in the court file, including the report and recommendation and Whitworth's objection, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Because Whitworth did not pay the filing and administrative fees of $402 when he filed his complaint, the court will dismiss this action without prejudice. The court will also direct the Clerk of Court to return the $402 to Whitworth.

The court will enter a separate final judgment.

**Done** on February 6, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE